NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

No. 24-5958

D.C. No.
18-cv-1298

IN RE: YOUSSIF KAMAL, GILLIAN NEELY, RICHARD LICHTEN, SUSAN COX, NICK TOVAR, MICHELE KINMAN, ASHLEY PETEFISH.

MEMORANDUM*

_____

YOUSSIF KAMAL, on their own behalf and on behalf of all others similarly situated; GILLIAN NEELY, on their own behalf and on behalf of all others similarly situated; RICHARD LICHTEN, on their own behalf and on behalf of all others similarly situated; SUSAN COX, on their own behalf and on behalf of all others similarly situated; NICK TOVAR, on their own behalf and on behalf of all others similarly situated; MICHELE KINMAN, on their own behalf and on behalf of all others similarly situated; ASHLEY PETEFISH, on their own behalf and on behalf of all others similarly situated,

      Petitioners,

  v.

_____

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO,

Respondent,

EDEN CREAMERY, LLC, doing business as Halo Top Creamery; JUSTIN T WOOLVERTON,

Defendants - Real Parties in Interest.

Petition for Writ of Mandamus

Submitted March 5, 2025[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CHRISTEN, Circuit Judges.

This case arises from Petitioners-Plaintiffs' (Petitioners) allegations that they purchased underfilled Halo Top ice cream pints. Petitioners sued Defendants Eden Creamery, which manufactures Halo Top, and Halo Top CEO Justin Woolverton on behalf of themselves and other similarly situated Halo Top connoisseurs. After extensive discovery, Petitioners changed their theory of liability and then moved to voluntarily dismiss their case under Federal Rule of Civil Procedure 41(a)(2). The District Court denied the motion and dismissed Petitioners' individual claims with

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prejudice and the putative class claims without prejudice.

Petitioners appealed to a prior panel of our Court, and we held that the District Court abused its discretion by denying the Petitioners' request to voluntarily dismiss their claims without prejudice. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1273 (9th Cir. 2023) (*Kamal I*). We reversed the District Court's decision and remanded the case with instructions to dismiss the action without prejudice and to determine whether any terms should be imposed as conditions of dismissal. *Id.* at 1287. The District Court conditioned Petitioners' voluntary dismissal on payment of $235,240.67 in attorney's fees and costs to Defendants and restricted the refiling of any related action to the same District to be heard before the same judge.

Petitioners now seek mandamus relief, specifically requesting that we vacate the District Court's Order and remand it with instructions to grant Petitioners' voluntary dismissal without the fee and venue conditions. We have jurisdiction and we deny the petition. 28 U.S.C. § 1651(a); *see In re Creech*, 119 F.4th 1114, 1119-20 (9th Cir. 2024).

"The writ of mandamus is an extraordinary remedy reserved for really extraordinary causes." *In re Creech*, 119 F.4th at 1119 (quotation omitted). We can only grant mandamus relief if the District Court's actions were "clearly erroneous as a matter of law." *Id.* at 1120.

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the

district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). We also "review a district court's determination of the terms and conditions of dismissal under Rule 41(a)(2) for an abuse of discretion." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

1. The District Court did not abuse its discretion on this record. In *Kamal I*, we explicitly stated on remand that "a district court can award costs and attorney's fees as a condition of dismissal without prejudice under Rule 41(a)(2)" and instructed the District Court to consider whether to impose "an appropriate amount of costs and fees" as a condition for voluntary dismissal in this case. *Kamal I* at 1286-1287. The District Court properly determined what costs and fees Defendants had incurred for work that would not be useful in continuing litigation between the parties and conditioning dismissal on their payment. *Id.*

2. Nor did the District Court abuse its discretion by conditioning voluntary dismissal on the refiling of any related action in the same district in front of the same judge. The District Court included this condition after finding that Petitioners had repeatedly represented to the District Court that they intended to refile in the same district "until [they] realized that Defendants might be awarded their attorneys' fees and costs as a condition of remand." The District Court reasonably found the

Petitioners' decision to stop litigating in that district to be "gamesmanship" and "the very definition of forum shopping," justifying its decision to impose the venue restriction. Under these narrow circumstances, it was not an abuse of discretion to include a venue condition to prevent forum shopping by Petitioners. *See* Rule 41(a)(2). Here, it was not clearly erroneous as a matter of law.

**DENIED.**